UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DR. OLIVIA BURKETT                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:07cv516-DPJ-JCS

MISSISSIPPI DEPARTMENT OF MENTAL HEALTH, ET AL.              DEFENDANTS

### ORDER

This employment dispute is before the Court on Defendant Mississippi Department of Mental Health's supplemental motion for summary judgment [66]. The Court, having considered the parties' submissions and relevant authorities, finds that Defendant's motion should be granted in part and denied in part.

**I.      Facts and Procedural History**

Plaintiff Dr. Olivia C. Burkett was hired as a psychologist by Defendant Mississippi Department of Mental Health (MDMH) to work at Ellisville State School, a state-funded mental health facility. She claims in this lawsuit that MDMH denied her various promotional opportunities based on her race–African American. On April 29, 2009, this Court entered an order [60] granting Defendant's initial motion for summary judgment as to some, but not all, of Plaintiff's claims. In particular, the Court denied Defendant's motion to the extent it related to MDMH's decision to hire a white woman, Cindy Cooley, for the coordinator of client services position. Following the Court's order, Defendant sought and received leave to file the instant supplemental motion for summary judgment–the focus of which is the coordinator of client services position.

Defendant asserts in its supplemental motion that Plaintiff's claim under Title VII of the Civil Rights Act of 1964 is fatally flawed. Defendant further argues that Plaintiff's claims under

42 U.S.C. § 1981, the Fourteenth Amendment, and claims related to equal pay are all due to be dismissed. This Court has personal and subject matter jurisdiction, and the supplemental motion is now ripe for consideration.

II.     Analysis

   A.     Standards of Review

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may

"not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

B. Title VII

Plaintiff presents a circumstantial case of discrimination that must follow the familiar *McDonnell Douglas* burden shifting analysis, beginning with a prima facie case. The traditional prima facie case of discrimination requires proof that Plaintiff (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for her position, and (4) was replaced by someone outside of the protected class or that similarly situated employees outside the protected class were treated more favorably. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004). If a prima facie case has been made, the burden switches to Defendant to "rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* Identifying a nondiscriminatory basis for termination is a burden "of production, not persuasion, and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007); *see also Reeves*, 530 U.S. at 142. If Defendant has stated a legitimate nondiscriminatory reason for its decision, "the inference created by the prima facie case drops out of the picture," and the burden reverts to the plaintiff to produce evidence that the proffered reason is a pretext for unlawful discrimination. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). Finally, "[i]f the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the prima facie case, will usually be sufficient to survive summary judgment." *Id.*[1]

---

[1] A mixed-motives analysis applies in certain Title VII cases, but it is not relevant to the present motion. *See Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005) (applying mixed-motive analysis when employee alleges discrimination was "not the *sole*

Defendant claims that Plaintiff was not considered for the coordinator of client services position because "holding a Nursing Home Administration ('NHA') license and having administrative experience were requirements for the position" that she did not possess. Def.'s Mem. [67] at 1. Defendant's current submissions spend little time arguing that the lack of the license defeats Plaintiff's prima facie case, focusing instead on MDMH's purported nondiscrimantory reason for the decision and Plaintiff's burden to demonstrate pretext.[2] Although Plaintiff seems to concede that this explanation would satisfy Defendant's burden of production at the second stage of the analysis, she insists that Defendant's explanation–offered three years after the fact–is inconsistent with Defendant's previous positions and therefore raises an inference of pretext.

The Fifth Circuit Court of Appeals has consistently stated that "[a] court may infer pretext where a defendant has provided inconsistent or conflicting explanations for its conduct." *Nasti v. CIBA Specialty Chem. Corp.*, 492 F.3d 589, 594 (5th Cir. 2007) (citing *Read v. BT Alex Brown Inc.*, 72 F. App'x. 112, 120 (5th Cir. 2003)); *see also Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 415 (5th Cir. 2007) (reversing summary judgment where inconsistent statements regarding decision cast doubt on the proffered explanation); *Gee v. Principi*, 289 F.3d 342, 348 (5th Cir. 2002) (same). Accordingly, the Court must consider Defendant's explanations.

---

reason" but instead "*a* motivating factor in her termination.")

[2]If Defendant intended to contest the prima facie case on this basis, then the Court finds a question of fact for the reasons stated below.

When Plaintiff first complained of discrimination, Defendant conducted an in-house investigation. Defendant's report observed that the prevailing candidate (Cooley) possessed an NHA license among other credentials, but it did not suggest that the license was a requirement or that Plaintiff was not qualified for lack of an NHA license. Carter Aff. Ex. 1, Def.'s Motion for Summary Judgment [44] Ex. C. Later, in response to the EEOC investigation, Defendant indicated that Plaintiff did not receive the promotion because she did not apply for it. Pl.'s Response [71] Ex. B. In its initial motion for summary judgment, Defendant stated that its legitimate nondiscriminatory reason for selecting Cooley for the coordinator of client services position was "her familiarity with the job and its responsibilities." Def.'s Mem. [45] at 3. Significantly, Defendant's first motion and supporting memoranda said nothing about an NHA license and failed to mention that Cooley held one while Plaintiff did not. *See* Def.'s Mot., Mem., Reply [44, 45, 58]. The Court concludes that Defendant has offered inconsistent and conflicting nondiscriminatory reasons for the employment decision, from which pretext is inferred. *See Nasti*, 492 F.3d at 594.

Rather than directly address Plaintiff's contention that the reason for the promotion decision has evolved, Defendant takes a different tack in its reply, arguing that it has always considered Cooley the "most qualified candidate." Def.'s Reply [73] at 1. Defendant then argues that Plaintiff cannot prove she is "clearly better qualified" because, *inter alia*, the "fact remains that Cooley possesses a qualification that Burkett does not: the Nursing Home Administrator license." *Id*. This argument actually emphasizes that Defendant has taken inconsistent positions. As stated, Defendant's original motion asserted that Cooley was better qualified because of her "familiarity with the job and its responsibilities," not because she

5

possessed "a qualification that Burkett does not." *Compare* Def.'s Mem. [45] at 3 *with* Def.'s Reply [73] at 1. Moreover, the argument attempts to re-frame the issue focusing on the rigorous "clearly better qualified" method for proving pretext. *See, e.g.*, *Odom v. Frank*, 3 F.3d 839, 845 (5th Cir. 1993). However, "[w]hen an employer offers inconsistent explanations for its employment decision at different times, as here, the jury may infer that the employer's proffered reasons are pretextual." *Staten v. New Palace Casino, LLC*, 187 F. App'x 350, 359 (5th Cir. 2006) (collecting cases).

Finally, Defendant offers the odd suggestion that this Court has previously granted summary judgment in promotion cases and should do so again. This argument is not persuasive. All cases stand or fall on their unique facts. This matter, like many others this Court has allowed to proceed, presents a question of fact that must be decided by the jury.

C.   Remaining Claims

Defendant also moved for summary judgment as to Plaintiff's claims under § 1981, the Fourteenth Amendment, and all claims based on disparate pay. Plaintiff presented neither argument nor evidence in response. The claims have been waived and are otherwise due to be dismissed. Plaintiff may not assert a § 1981 claim against a public employer. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989). Plaintiff may not pursue a Fourteenth Amendment claim without invoking 42 U.S.C. § 1983. *See Hearth, Inc. V. Dep't of Pub. Welfare*, 617 F.2d 381, 383 (5th Cir. 1980) (affirming dismissal of Fourteenth Amendment claim that failed to involve § 1983). Finally, Plaintiff failed to exhaust administrative remedies as to the pay claim. *See, e.g., Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 711 (5th Cir. 1994) (discussing exhaustion requirement).

III.     Conclusion

The Court has considered but rejects the remaining arguments in the parties' submissions and finds, for the reasons stated above, that Defendant's motion should be granted except with respect to the Title VII claim related to the coordinator of client services position. The parties are instructed to contact the Court's courtroom deputy to set this case for pretrial conference and trial.

**SO ORDERED AND ADJUDGED** this the 4th day of January, 2010.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE